UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE ALEXANIAN<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FCA US, LLC, et al.<br><br>　　　　　　　　　　Defendants. | Case No.:  19cv2448-LAB (AHG)<br><br>**ORDER OF REMAND** |

　　Defendant FCA US, LLC removed this case from state court, citing diversity jurisdiction. After Plaintiff Andre Alexanian moved to remand, defects in diversity jurisdiction became apparent and the Court ordered FCA to address them. In particular, FCA's and Alexanian's citizenship had not been properly alleged. The Court ordered FCA to address these concerns in its opposition to the motion for remand.

　　The notice of removal inaccurately claimed FCA was a Delaware corporation with its principal place of business in Michigan. But FCA is an LLC, not a corporation. For purposes of ordinary diversity jurisdiction, it is a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The Court ordered FCA to identify its own citizenship. And because FCA has been found in other cases to be a foreign citizen, the Court also ordered FCA to identify Alexanian's national citizenship. The Court pointed out that if, for example, Alexanian were a non-U.S. citizen domiciled in California and FCA were a citizen of a foreign country, jurisdiction would probably be lacking, and cited *Van Der Steen v. Sygen Int'l, PLC*, 464 F. Supp. 2d 931, 936–37 (N.D. Cal., 2006).

The party invoking its subject matter jurisdiction (*i.e.*, FCA) bears the burden of establishing it and, until then, jurisdiction is presumed to be lacking. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). The Court is obligated to raise jurisdictional issues, *sua sponte* if necessary, and to confirm its own jurisdiction. *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). In ordinary removal cases, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court cautioned FCA that if it failed to meet its burden of establishing jurisdiction, the action would be remanded.

The Court's expectation that FCA might prove to be a non-U.S. citizen proved correct. In its opposition, FCA asserts it is a citizen of both the U.K. and the Netherlands. But it fails to identify or allege Alexanian's national citizenship. Instead, it asserts that Alexanian is presumed to be a California citizen because he resides here. The case it cites in support of this principle, *Ervin v. Ballard Marine Constr., Inc.*, 2016 WL 4239710 (N.D. Cal., Aug. 11, 2016), is inapposite. *Ervin* says nothing at all about a presumption of national citizenship. Instead, it addresses the issue of whether residence is prima facie evidence of domicile for purposes of determining state citizenship. *Id.* at *3.

The problem the Court's order identified and ordered FCA to address is that the Court probably cannot exercise either diversity or alienage jurisdiction over a dispute between a foreign national domiciled in California on the one hand and a non-U.S. corporation on the other.

The parties dispute whether Defendant Jack Powell Chrysler Jeep Dodge, a California citizen, is a sham defendant. But that dispute does not change the outcome here. Unless Alexanian is a U.S. citizen, the Court lacks jurisdiction regardless of whether the dealership is included or excluded as a Defendant. If the dealership is included, Alexanian is deemed a California citizen for purposes of destroying diversity, and 28 U.S.C. § 1332(a)(2) deprives the Court of jurisdiction. If the dealership is excluded, this action involves one alien suing another alien. Although an argument could be made that § 1332(a)(2) authorizes either alienage or diversity jurisdiction when one of the aliens is domiciled in a U.S. state, for the reasons below the Court rejects that construction.

The holding of *Van Der Steen*, with which this Court agrees, is that alienage or diversity jurisdiction does not extend to cases involving one alien suing another alien, even if one of them is domiciled in the U.S. *See* 464 F. Supp. 2d at 936–37. Construing § 1332(a)(2) as permitting federal courts to exercise diversity or alienage jurisdiction in suits solely between aliens raises serious questions about whether Congress acted unconstitutionally in enacting it, and whether the courts would be acting unconstitutionally in relying on it as a source of jurisdiction. *Saadeh v. Farouki*, 107 F.3d 52, 58 (D.C. Cir. 1997) (citing *Hodgson v. Bowerbank*, 9 U.S. 303 (1809)). Furthermore, it appears Congress' intent in enacting this provision was to limit jurisdiction, not to expand it. *See id.* at 58–61 (discussing legislative history and Congressional intent). The Court therefore reads § 1332(a)(2) as treating a foreign citizen permanently admitted for residency in the U.S. as a citizen for purposes of destroying jurisdiction, but not creating it. Such a construction avoids what is otherwise probably an unconstitutional result, and one which Congress did not intend. *See Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575 (1988) (discussing the avoidance doctrine). This holding is consistent with similar though not identical Ninth Circuit precedent. *See, e.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d

1088, 1090–91 (9th Cir. 1983) (rejecting the argument that a non-U.S. citizen domiciled in New York was a citizen of New York for diversity jurisdiction purposes).

FCA's notice of removal does not plead facts showing that the parties are diverse or that the Court can exercise alienage jurisdiction. When directed to correct this defect, FCA did not do so. While Alexanian could likely supply information to settle this, it is not his burden to plead his opponent's claims. Furthermore, at this stage all FCA had to do is allege that Alexanian is a U.S. citizen. Although FCA has asked for jurisdictional discovery, its request was aimed at confirming that the dealership is a sham Defendant. FCA has not shown why it could not have conducted enough of an inquiry to permit it to allege Alexanian's national citizenship consistently with its obligations under Fed. R. Civ. P. 11.

The Court need not and does not reach the issue whether the dealership is a sham defendant. FCA responded only partially to the Court's order to show cause and has therefore failed to invoke the Court's jurisdiction. The motion to remand is **GRANTED**, and this action is **ORDERED REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

Dated: February 27, 2020

_____
Honorable Larry Alan Burns
Chief United States District Judge